IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN, :
:
    Plaintiff, :
: CIVIL NO. 3:CV-09-1898
    v. :
: (JUDGE VANASKIE)
HARLEY LAPPIN, et al., :
:
    Defendants. :
:

## MEMORANDUM

Background

Derrick Lakeith Brown, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), proceeding pro se, filed this civil rights complaint pursuant to 28 U.S.C. § 1331. Accompanying the Complaint is an application requesting leave to proceed in forma pauperis. (Dkt. Entry # 2.) For the reasons set forth below, Brown's action will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).[1]

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Named as Defendants are Director Harley Lappin, Administrator Harrell Watts, Northeast Regional Director D. Scott Dodrill of the Federal Bureau of Prisons (BOP), as well as the following USP-Lewisburg employees: Warden B.A. Bledsoe; Associate Wardens C. Maiorana and K. Rear; Captain F. Passaniti; Executive Assistant Scott Finley; Unit Manager John Adami; Case Manager Matt Rodarmel; and two officials identified only as Cahill and Gass. Plaintiff alleges that Defendants engaged in a conspiracy for the purpose of subjecting him to retaliation for his prior pursuit of civil rights complaints and administrative grievances. Brown generally claims that Defendants refused to provide him with "necessary legal papers and materials" and adequate access to the law library and legal assistance which he required in order to meet a deadline relating to a petition which he filed with the United States Supreme Court. (Dkt. Entry # 1 at 2-(b).) He concludes that Defendants' purported conduct violated his constitutional right of access to the courts. His Complaint seeks compensatory and punitive damages as well as his immediate release from custody.

Discussion

Pursuant to 28 U.S.C. § 1915(g), a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury.

Brown, while incarcerated, previously initiated the following civil actions which were dismissed as frivolous by the United States District Court for the Western District of Tennessee: Brown v. Memphis Police, No. 2:01-2868 (Nov. 13, 2001)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); Brown v. Shelby County, et al., No. 2:02-2365 (June 19, 2002)(dismissal on grounds that § 1983 complaint is frivolous); Brown v. Shelby County, et al., No. 2:02-2366 (June 19, 2002)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); and Brown v. Nurse Brown, et al., No. 2:02-2368 (June 27, 2002)(dismissal with observation that Brown has three dismissals of cases as frivolous and thus is subject to § 1915(g)). This Court recently recognized that it concurs with the determination announced by the Western District of Tennessee in the last-cited case, *i.e.*, that the above enumerated dismissals constitute three strikes for the Plaintiff as contemplated under § 1915(g). See Brown v. Lappin, et al., Civil No. 3:CV-09-1732, slip op. at 3 (M.D. Pa. Nov. 10, 2009)(Vanaskie, J.)(Dkt. Entry # 10.)

As detailed above, the unconstitutional conduct alleged in Brown's pending action does not place this inmate in danger of imminent "serious physical injury" at the time his complaint was filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged

incident).  Accordingly, this action will be dismissed under § 1915(g).

Since the dismissal of Brown's action is being entered under § 1915(g) and he is barred from proceeding in forma pauperis, the Administrative Order previously issued in this matter on October 2, 2009 (Dkt. Entry # 5) will be vacated and Plaintiff's in forma pauperis application (Dkt. Entry # 2) will be denied.[2]  An appropriate Order will enter.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

---

[2] If Plaintiff wishes to reactivate this case, he may pay the full filing fee within thirty (30) days of the date of this Order.  In the alternative, Brown may reassert his present claims in a new action filed within the period authorized by the statute of limitations and accompanied by full payment of the required filing fee.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN, :
:
       Plaintiff, :
: CIVIL NO. 3:CV-09-1898
   v. :
: (JUDGE VANASKIE)
HARLEY LAPPIN, et al., :
:
       Defendants. :
:

ORDER

    NOW THIS 16th DAY OF NOVEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

    1.    Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE as barred by 28 U.S.C. § 1915(g).

    2.    The Administrative Order (Dkt. Entry # 5) previously issued in this matter is vacated.

    3.    Plaintiff's request to proceed in forma pauperis (Dkt. Entry # 2) is DENIED.

    4.    The Clerk of Court is directed to CLOSE the case.

    5.    Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

6. The Clerk of Court is directed to send a copy of this Order to the Warden of USP-Lewisburg.

                                                s/ Thomas I. Vanaskie  
                                                Thomas I. Vanaskie  
                                                United States District Judge